A96A2310. BURK v. THE STATE.
(478 SE2d 416)

BEASLEY, Chief Judge.

This is an out-of-time appeal by Burk from his convictions of three counts of obstruction of an officer (OCGA § 16-10-24) and one count of reckless endangerment (OCGA § 16-5-60 (b)).

The evidence showed that following his arrest, Burk started a fire in his holding cell. He was asked to extinguish the fire but refused. While Officer Stanfield remained at or near the cell door, Officers Vaughn and Cook entered in order to extinguish the blaze and retrieve the material used by Burk to start the fire. Burk refused to relinquish anything in his possession and yelled obscenities at the officers. He grabbed Stanfield's leg and refused to release it. He attempted to hit Cook. He struck Vaughn several times, grabbed him by the arm, and attempted to bite him.

Burk's treating physician testified that Burk had tested positive for HIV numerous times and had developed AIDS. Vaughn testified that he had had previous encounters with Burk at which time Burk had blamed law enforcement officers and others for his AIDS and had threatened to transmit the virus to Vaughn.

1. Burk first contends the evidence is insufficient to support his conviction of reckless endangerment.

The indictment charged Burk with aggravated assault with

intent to murder Vaughn. The trial court granted Burk's request that it charge the jury on misdemeanor endangerment under OCGA § 16-5-60 (b) as a lesser included offense. That subsection provides: "A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor."

Under OCGA § 16-5-60 (c) (1) through (5), a person who is HIV-infected is guilty of felony reckless endangerment if, after obtaining knowledge of being infected with HIV, such person, without disclosing the fact of that person's being HIV-infected: knowingly engages or offers to engage in certain sexual acts; knowingly allows another person to use a hypodermic needle or syringe previously used by the infected person; or donates blood, blood products, bodily fluids, or any other body organ or part. Burk's treating physician testified that it was very strongly probable that someone could get the HIV virus if bitten by an infected person. He further testified that although he was not aware of any known reports of anyone contracting AIDS through the transmission of saliva, the HIV virus had been found in saliva and he did not see why it could not be transmitted that way.

Viewed in a light most favorable to the verdict, the evidence authorized the jury to find that by attempting to bite Vaughn, knowing that he was HIV-infected and had AIDS, Burk consciously disregarded a substantial and unjustifiable risk that his act would harm Vaughn or endanger his safety. See *Scroggins v. State*, 198 Ga. App. 29, 30 (1) (401 SE2d 13) (1990). The fact that Burk did not engage in any act proscribed by OCGA § 16-5-60 (c) does not insulate him from criminal liability under subsection (b) for attempting to transmit the AIDS virus via saliva. See *Scroggins*, supra. Moreover, a defendant cannot complain of a verdict which was brought about by a charge he requested. *Wright v. State*, 162 Ga. App. 60 (290 SE2d 163) (1982).

2. Burk contends that the evidence does not support his conviction for obstruction of Officer Stanfield.

He does not argue that the evidence was insufficient to establish the elements but that there was a variance between the allegations of the indictment and the evidence presented at trial. The indictment charged Burk with obstruction of Officer Stanfield "by doing violence to said officer in that he did grab, twist and wrench said officer's leg and ankle." At trial, Stanfield testified that although Burk grabbed his leg and would not let it go, he did not twist his leg or wrench it out of the socket.

"Not every variance between the allegations in an indictment and the evidence presented at trial is fatal. [Cit.] 'The general rule

that allegations and proof must correspond is based upon the requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at trial; and (2) that he may be protected against another prosecution for the same offense. (Cit.)' [Cit.]" *Nichols v. State*, 221 Ga. App. 600, 601 (1) (473 SE2d 491) (1996).

The indictment "placed [Burk] on notice that he was charged with a particular type of [physical] contact constituting [obstruction of an officer]." *Perguson v. State*, 221 Ga. App. 212, 218 (6) (470 SE2d 909) (1996). He was enabled to prepare his defense and was protected both from surprise at trial and from another prosecution for the same offense. The variance was not prejudicial, and the evidence supports the conviction.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 13, 1996.

*Perry & Associates, Michael E. Brush*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.