**Steven F. HANCOCK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1997–CA–000350–MR

Court of Appeals of Kentucky.

Dec. 18, 1998.

Discretionary Review Denied by Supreme Court Sept. 15, 1999.

Gene Lewter, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, R. Evelyn Freer, Assistant Attorney General, Frankfort, William L. Daniel, II, Assistant Attorney General, Frankfort, for Appellee.

Before: COMBS, DYCHE, and GUIDUGLI, Judges.

*OPINION*

COMBS, Judge:

The appellant, Steven F. Hancock (Hancock), appeals from a conviction of wanton endangerment in the second degree following a conditional plea of guilty. The issues which Hancock preserved for appellate review present questions of first impression concerning the application of KRS 508.060 to an individual's conduct resulting in exposing another person to human immunodeficiency virus (HIV).

On September 13, 1994, the Fayette County Grand Jury indicted Hancock for wanton endangerment in the first degree, KRS 508.060. The indictment alleged that over a period of two years, Hancock had repeatedly engaged in sexual intercourse with M.L.B., all the while knowing that he had been diagnosed as having HIV. M.L.B. maintained that Hancock had failed to inform her of his HIV status; he disagreed and claimed that she knew that he was HIV positive.

On April 19, 1995, Hancock filed a motion to dismiss the indictment, arguing that his conduct did not constitute wanton endangerment and that KRS 508.060 was unconstitutional as applied to his case. Specifically, he argued that KRS 508.060 did not cover the transmission of diseases through reckless or wanton conduct. After conducting a hearing on the motion, the court held that the indictment was valid and that KRS 508.060 was not unconstitutional as applied to Hancock; the court denied the motion to dismiss the indictment.

On December 17, 1996, Hancock filed a petition to enter a conditional guilty plea to the amended charge of wanton endangerment in the second degree (KRS 508.070), reserving the right to appeal the court's order denying his motion to dismiss the indictment. On January 25, 1997, the court entered final judgment, and Hancock received a suspended sentence of 120 days and was placed on probation for one year. This appeal followed.

Hancock argues on appeal that the circuit court erred in denying his motion to dismiss the indictment against him. He contends that the conduct alleged in the indictment does not constitute wanton endangerment as KRS 508.060 does not pertain to nor does it encompass conduct relating to the transmission of diseases.

A brief discussion of HIV is relevant to a proper analysis of the scope of this statute. HIV is a retro virus that attacks the human immune system. The virus invades host cells, replicates itself, and weakens the immune system—thus destroying the body's capacity to ward off disease. The virus is capable of lying dormant in the body for periods of ten years or more, during which time the infected person does not exhibit any symptoms or manifestations of the virus but functions normally. HIV is typically spread through genital fluids or blood transmitted from one person to another through sexual contact, the sharing of needles in intravenous drug use, blood transfusions, infiltration into wounds, or from mother to child during pregnancy or birth. Medical studies have indicated that most patients infected with HIV will develop acquired immune deficiency syndrome (AIDS), the acute clinical phase of immune dysfunction. The immune systems of AIDS patients are severely immunocompromised, rendering them prone to any number of diseases and infections that a person with a healthy

immune system would normally be able to combat and resist. At this juncture, AIDS is ultimately fatal.

Wanton endangerment in the first degree is defined by KRS 508.060(1) as follows:

> A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person.

A person is guilty of wanton endangerment in the second degree when he or she wantonly engages in conduct that creates a substantial danger of physical injury to another person. KRS 508.070(1). As used in the Kentucky Penal Code, KRS 501.020(3) defines *wantonly* in the following manner:

> 'Wantonly'—A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

In *Hardin v. Commonwealth,* Ky., 573 S.W.2d 657 (1978), the Supreme Court of Kentucky upheld the constitutionality of KRS 508.060, rejecting the argument that the statute's terms were vague and not capable of comprehension. It reasoned that "[i]t is not necessary for the statute to be so specific as to delineate the facts of any one condition under which the act of wanton endangerment may be performed, but a general statement is sufficient." *Id.* at 660. In general, examples of conduct which constitute wanton endangerment include discharging or brandishing firearms in public, using firearms or explosives in a grossly careless manner, and obstructing public highways. *Hennemeyer v. Commonwealth,* Ky., 580 S.W.2d 211, 214 (1979). However, wanton endangerment is not limited to specific types of conduct. It "may be committed in many ways." *Hardin, supra* at 660.

In the case before us, the indictment charged that:

> [Hancock] committed the offense of First Degree Wanton Endangerment by repeatedly engaging in sexual intercourse with M.L.B. when he knew he had been diagnosed as having HIV and by so doing engaged in conduct which created a serious risk of death or serious physical injury to M.L.B. under circumstances manifesting an extreme indifference to the value of human life....

In light of the deadly nature of HIV, the conduct alleged in the indictment provided a sufficient basis to support a charge of wanton endangerment. On its face, the indictment was valid. Additionally, Hancock's contentions that M.L.B. consented to sexual intercourse with him and that she knew he was HIV-positive had no bearing on the issue of whether the indictment stated a chargeable offense as a matter of law. His arguments more properly related to any defense that Hancock may have raised before the jury and were improperly and prematurely offered as a basis to support a motion dismiss an indictment. The court is limited to a determination of whether the indictment was valid on its face and whether it conformed to the requirements of RCr 6.10. *Commonwealth v. Hamilton,* Ky.App., 905 S.W.2d 83 (1995). We have found no flaw in the indictment.

Nor do we find that KRS 508.060 is unconstitutional as applied to Hancock's situation. Hancock argues that application of KRS 508.060 to this type of situation has the potential of opening a "Pandora's

Box," alleging by analogy that individuals could be prosecuted for spreading the common cold, the flu virus, and other such infections. We are not persuaded; the legislature is required to provide "minimal guidelines" to prevent a "standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 906. In *Hardin v. Commonwealth, supra,* the Supreme Court of Kentucky found that KRS 508.060 provided sufficiently explicit standards for those officials charged with applying it: the judge, the jury, the prosecuting attorney, and the arresting officer. We have found no deviation from those explicit standards in Hancock's case that would constitute an arbitrary and discriminatory enforcement of KRS 508.060. His hypothetical situations are irrelevant as we are confined to the specific case before us, a case in which we have found the statute to have been applied correctly and in conformity to considerations of due process.

Our decision in this case is consistent with recent cases in other jurisdictions which have found criminal culpability in the conduct of a person exposing another to HIV or AIDS. In *Burk v. State,* 223 Ga.App. 530, 478 S.E.2d 416 (Ga.App.1996), the Court of Appeals of Georgia upheld a conviction of reckless endangerment where the perpetrator-appellant, knowing that he was HIV positive and that he had AIDS, attempted to bite a police officer. *See also, Scroggins v. State,* 198 Ga.App. 29, 401 S.E.2d 13 (Ga.App.1990) (defendant, who was HIV-positive, was convicted of aggravated assault and aggravated assault with intent to murder for biting a police officer); *State v. Haines,* 545 N.E.2d 834 (Ind.App.1989) (upholding attempted murder conviction of a defendant, who knew he was HIV-positive, for spitting, biting, scratching, and throwing blood at a police officer).

In summary, we hold that the circuit court properly denied Hancock's motion to dismiss the indictment against him and that the application of KRS 508.060 to his situation was not unconstitutional as applied. Therefore, we affirm the judgment of the Fayette Circuit Court.

All Concur.