*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0003p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                *Plaintiff-Appellee,*

      *v.*

REX DEAN MEEKS,

                *Defendant-Appellant.*

No. 10-5336

> Appeal from the United States District Court
> for the Eastern District of Kentucky at Lexington.
> No. 09-00044-001—Karen K. Caldwell, District Judge.

Decided and Filed: January 5, 2012

Before: ROGERS, COOK, and McKEAGUE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Kathryn A. Walton, Lexington, Kentucky, for Appellant. Charles P. Wisdom, Jr., David A. Marye, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee. Rex Dean Meeks, Glenville, West Virginia, pro se.

_____

**OPINION**

_____

McKEAGUE, Circuit Judge. Defendant appeals the district court's decision to sentence him as a career offender. Because Defendant's prior Kentucky convictions for first degree wanton endangerment qualify as crimes of violence, and because Defendant's arguments under 21 U.S.C. § 851 lack merit, we **AFFIRM**.

**I**

Following a jury trial, Defendant-Appellant Rex Dean Meeks was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute oxycodone in violation of 21 U.S.C. § 841(a)(1). Defendant's criminal history included two state felony convictions in 2000 for first degree wanton endangerment, and a state felony conviction in 2004 for first degree complicity to traffic in a controlled substance. In light of these prior convictions, the district court sentenced Meeks as a career offender pursuant to § 4B1.1(a) of the Sentencing Guidelines. On appeal, Meeks challenges the district court's decision to sentence him as a career offender. First, in a brief filed by counsel, Meeks contends that his convictions for first degree wanton endangerment do not qualify as crimes of violence for purposes of Guidelines § 4B1.1. Second, in a pro se supplemental brief, Meeks contends that the career offender enhancement was improper because the government and the court failed to comply with the sentencing enhancement provisions of 21 U.S.C. § 851(a) and (b).

**II**

We review *de novo* a district court's determination that a prior conviction is a "crime of violence" for purposes of career offender designation under § 4B1.1. *United States v. Ruvalcaba*, 627 F.3d 218, 221 (6th Cir. 2010) (citing *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2005)).

A defendant is a career offender under § 4B1.1 if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

There is no dispute that Meeks was over eighteen years old when he committed the instant controlled substance felony offense or that his 2004 conviction for first degree complicity to traffic in a controlled substance is a qualifying controlled substance offense. Meeks contends, however, that the other prior felony convictions considered by the district court – his 2000 convictions for first degree wanton endangerment – do not qualify as crimes of violence.

The Guidelines define a "crime of violence" as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

Under Kentucky law, a person is guilty of wanton endangerment in the first degree "when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person." Ky. Rev. Stat. § 508.060. A person acts wantonly

> when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

Ky. Rev. Stat. § 501.020(3).

Because first degree wanton endangerment does not include the use, attempted use, or threatened use of physical force as one of its elements, and because it does not include burglary of a dwelling, arson, extortion, or the use of explosives, the parties' dispute focuses on whether a conviction for wanton endangerment falls within the residual clause of § 4B1.2(a)(2) as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

Not every crime that presents a serious potential risk of physical injury to another falls within the residual clause. *Begay v. United States*,  553 U.S. 137, 142-43 (2008).**1** In *Begay* the Supreme Court held that although drunk driving posed a serious potential risk of physical injury, it did not fall within the residual clause because it was a strict liability crime, and did not involve the purposeful, violent, or aggressive conduct of the examples. *Id.* at 144-45.  In light of *Begay*, we have held that application of the residual clause of § 4B1.2(a)(2) should be guided by two inquiries:  "One, does the crime present a serious potential risk of violence akin to the listed crimes?  Two, does the crime involve the same kind of 'purposeful, violent, and aggressive conduct' as the listed crimes?"  *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009) (citations omitted). The Supreme Court has recently suggested that *Begay*'s "purposeful, violent, and aggressive conduct" inquiry should be limited to crimes based on strict liability, negligence, and recklessness because it is not based on statutory language and is often redundant with the inquiry into risk.  *Sykes v. United States*, 131 S. Ct. 2267, 2275-76 (2011).  In other cases, levels of risk will generally divide crimes that qualify as crimes of violence from those that do not.  *Id.* at 2275 ("In general, levels of risk divide crimes that qualify from those that do not.").  *See also United States v. McMurray*, 653 F.3d 367, 377 n.9 (6th Cir. 2011) (noting that *Sykes* retreated to some degree from *Begay*'s "purposeful, violent, and aggressive" standard).

In determining whether a prior conviction is a "crime of violence," we apply a "categorical approach, looking to the statutory definition of the offense and not the particular facts underlying the conviction."  *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)).  However, "[i]f it is possible to violate the statute in a way that would constitute a crime of violence and in a way that would not, the court may consider the indictment, guilty plea, or

---

**1**Although *Begay* concerned application of the "violent felony" designation under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), the determination of whether a conviction is a "violent felony" under the ACCA is analyzed in the same way as whether a conviction is a "crime of violence" under Guidelines § 4B1.2(a). *United States v. McMurray*, 653 F.3d 367, 371 n.1 (6th Cir. 2011) (citing *United States v. Gibbs*, 626 F.3d 344, 352 n. 6 (6th Cir. 2010)).

similar documents to determine whether they necessarily establish the nature of the prior conviction." *Id*. (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Because wanton endangerment involves conduct that creates "a  substantial danger of death or serious physical injury," Ky. Rev. Stat. Ann. § 508.060, it necessarily involves a "serious potential risk of violence" akin to the level of risk associated with the listed crimes.  Moreover, unlike the drunk driving offense considered in *Begay*, wanton endangerment is not based on strict liability, negligence, or recklessness. Wanton endangerment requires the defendant to have acted "wantonly."[2]  Because wanton endangerment involves criminal intent (being aware of and consciously disregarding a substantial and unjustifiable risk), *Sykes* suggests that we are not required to engage in *Begay*'s "purposeful, violent, and aggressive conduct" inquiry, and that the level of risk alone is sufficient to qualify first degree wanton endangerment as a crime of violence.  Prior to *Begay*, we had no difficulty concluding that wanton endangerment is a "crime of violence." *See*, *e.g.*, *United States v. Wilder*, 161 F. App'x 545, 552 (6th Cir. 2006) (holding that wanton endangerment under Tennessee law is a crime of violence because the statute proscribes "conduct presenting a serious potential risk of physical injury."); *United States v. Matney*, No. 98-5240, 1999 WL 253640, 181 F.3d 105 (6th Cir. Apr. 23, 1999) (Table) (assuming that wanton endangerment under Kentucky law is a crime of violence).

We can conceive of no way to violate the Kentucky first degree wanton endangerment statute in a way that would not present the same level of risk as the listed crimes.  Accordingly, in light of *Sykes*'s retreat from *Begay*'s "purposeful, violent, and aggressive conduct" inquiry, we again conclude that wanton endangerment is categorically a "crime of violence" for purposes of § 4B1.1.[3]  *See United States v.*

---

[2]By definition, "wanton" conduct involves more criminal intent than "reckless" conduct.  A person acts recklessly when he "fails to perceive a substantial and unjustifiable risk that the result would occur or the circumstance exists." Ky. Rev. Stat. § 501.020(4).  A person acts "wantonly" when he "is aware of and consciously disregards a substantial and unjustifiable risk." Ky. Rev. Stat. § 501.020(3).

[3]The district court did not use the categorical approach because of its determination that the statute is ambiguous. *See Hancock v. Commonwealth*, 998 S.W.2d 496, 498 (Ky. App. 1998) ("Wanton endangerment is not limited to specific types of conduct," and "may be committed in many ways."); *United States v. Clark*, No. 08-203, 2009 WL 972614 (E.D. Ky. Apr. 10, 2009) (holding that the Kentucky wanton

*Honeycutt*, No. 2:10-cr-00057-1, 2011 WL 2471024, at *6 (S.D. W.Va. June 20, 2011) (concluding, in light of *Sykes*, that wanton endangerment with a firearm is a violent felony under a categorical analysis).

Even if we were to engage in *Begay*'s "purposeful, violent, and aggressive" inquiry, we would still be satisfied that Meeks's wanton endangerment convictions qualify as crimes of violence. Because the wanton endangerment statute does not address any specific conduct, this inquiry requires us to use the modified-categorical approach. Under this approach we may consider "the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction." *McMurray*, 653 F.3d at 377 (quoting *Gibbs*, 626 F.3d at 352). We must determine whether the court documents establish that the defendant "necessarily admitted" that he engaged in the same kind of purposeful, violent, and aggressive conduct as the listed crimes through his plea. *See McMurray*, 653 F.3d at 377 (quoting *United States v. Medina-Almaguer*, 559 F.3d 420, 423 (6th Cir. 2009)).

Because the transcript of the 2000 plea colloquy was not available, the only relevant evidence to establish the specific conduct behind Meeks's wanton endangerment convictions is the March 2000 indictment, which charged Meeks with the following offenses: Count I, fleeing or evading police in the first degree in violation of Ky. Rev. Stat. § 520.095; Counts II and III, first degree wanton endangerment in violation of Ky. Rev. Stat. § 508.060; Count IV, criminal mischief in the first degree in violation of Ky. Rev. Stat. § 512.020; and Count V, driving under the influence, in violation of Ky. Rev. Stat. § 189A.010. Meeks pled guilty to all five counts. Counts II and III charged that Meeks committed the offense of first degree wanton endangerment when he operated his motor vehicle under the influence of alcohol or other substances and collided with the vehicles of Deputy Hale and Deputy Franklin.[4]

---

endangerment statute is facially ambiguous).

   [4]Count II of the indictment charged that Meeks:

   committed the offense of wanton endangerment, first degree when he manifested extreme indifference to human life when he wantonly engaged in a conduct which created a substantial danger of death to another person, to-wit: he operated his motor

Meeks contends that, although his actions presented a potential risk of injury to another, his wanton endangerment conviction, like the drunk driving conviction discussed in *Begay*, did not involve the same kind of "purposeful, violent, and aggressive conduct" as the listed crimes. He contends that because of his intoxication, he was unaware of the risk he created.

Meeks's contention that he lacked a sufficiently culpable state of mind because of his intoxication lacks merit. Meeks's convictions for wanton endangerment necessarily involved an admission that he was aware of and consciously disregarded a substantial risk that his conduct created a substantial danger of death to Deputies Hale and Franklin. Accordingly, contrary to Meeks's assertions, he was not unaware of the risk he created as a result of his intoxication.

Furthermore, a crime may involve purposeful, violent, and aggressive conduct even if it does not include a specific intent to cause harm. For example, in *Ruvalcaba* we held that the unlawful discharge of a firearm into an occupied structure was a crime of violence because, although the statute did not require an intent to do harm, the defendant necessarily made a conscious decision to fire the gun when he discharged it at the occupied structures, and his conduct presented a risk to others and was aggressive. 627 F.3d at 225. In *United States v. LaCasse*, 567 F.3d 763 (6th Cir. 2009), we held that fleeing and eluding is a crime of violence because the offender makes a conscious decision to flee rather than to stop his vehicle as requested by a police officer, and it involves aggressive conduct because the offender is attempting to outrun a police cruiser either in a low speed-limit area or in a manner that results in a collision or an accident. *Id.* at 766.

---

vehicle under the influence of alcohol or other substances and collided with the vehicle of Deputy Hale.

Count III charged that Meeks:

committed the offense of wanton endangerment, first degree when he wantonly engaged in a conduct which created a substanial [sic] danger of death to another person, to-wit: he operated his motor vehicle under the influence of alcohol or other substances and collided with the vehicle of Deputy Franklin.

Similarly, although Meeks's conviction for wanton endangerment did not require intent to cause serious injury, it did involve purposeful, violent, and aggressive conduct because it involved an awareness of, and a conscious disregard of a substantial risk that his collision with the deputies' vehicles would create a substantial risk of death to the deputies.

Accordingly, whether we apply a categorical risk analysis in light of *Sykes*, or a modified-categorical approach using the two-step *Begay* inquiry, we are satisfied that Meeks's prior convictions for first degree wanton endangerment were crimes of violence, and that he was properly sentenced as a career offender under § 4B1.1 of the Sentencing Guidelines.

**III**

In his pro se supplemental brief, Meeks identifies two sentencing issues that were not raised by counsel in the opening brief.  Meeks claims that the government's failure to file an information under 21 U.S.C. § 851(a) giving him notice of what prior convictions would be used to enhance his sentence, and the district court's failure to advise him of his right to challenge his prior convictions under § 851(b), precluded the district court from sentencing him as a career offender under § 4B1.1 of the Sentencing Guidelines.

These claims fail as a matter of law.  The procedural requirements of § 851 only apply to statutory sentencing enhancements, not to sentencing enhancements under the Guidelines.  *See United States v. Brannon*, 7 F.3d 516, 521 (6th Cir. 1993) ("Because defendant's sentence was enhanced under U.S.S.G. § 4B1.1, the notice requirements of 21 U.S.C. § 851(a)(1) are inapplicable."); *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) ("[T]he requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines.").  Because Meeks's sentence was enhanced under the Guidelines rather than under 21 U.S.C. § 841(b), the procedural requirements of § 851 do not apply.

Because we find that Meeks was properly sentenced as a career offender, we **AFFIRM** his sentence.