NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0152n.06

No. 12-3131

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARLOS HIBBIT,

    Defendant-Appellant.

/

FILED
Feb 12, 2013
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

BEFORE:    CLAY, COOK, and ROTH,[*] Circuit Judges.

    **CLAY, Circuit Judge.** Defendant Carlos Hibbit was indicted along with twenty-four others in a fifty-nine count indictment for crimes arising out of a conspiracy to distribute crack cocaine. After pleading guilty to conspiracy to possess with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846, the district court sentenced Defendant to 144 months' imprisonment to be followed by three years of supervised release. Defendant appeals his sentence on the grounds that he was inappropriately classified as a career offender. For the reasons that follow, we **AFFIRM** Defendant's sentence.

---

[*] The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

## BACKGROUND

On March 2, 2011, a federal grand jury for the Northern District of Ohio indicted Defendant, charging him with one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine and/or fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846; and two counts of use of a communication facility to facilitate a drug-trafficking offense, in violation of 21 U.S.C. § 843(b). Defendant pleaded guilty to the conspiracy charge. Prior to sentencing, a presentence report ("PSR") was prepared for Defendant. The PSR recommended that Defendant be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, which provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The predicate offenses for this finding were his 2002 Ohio conviction for felonious assault and his 2004 Ohio conviction for aggravated burglary. The career-offender enhancement placed Defendant in Criminal History Category VI (as opposed to Criminal History Category III). Coupled with his total offense level of 27, the PSR calculated Defendant's Guidelines range as 130–162 months' imprisonment. The district court sentenced Defendant to 144 months' imprisonment to be followed by three years of supervised release.

## STANDARD OF REVIEW

We generally review sentences for "reasonableness under an abuse of discretion standard," evaluating both the procedural and substantive reasonableness of the sentence. *United States v.*

*Brown*, 579 F.3d 672, 677 (6th Cir. 2009). In doing so, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *Id.* Whether a prior conviction qualifies as a "crime of violence" is a legal conclusion reviewed *de novo*. *United States v. Meeks*, 664 F.3d 1067, 1069 (6th Cir. 2012). However, where, as here, a defendant fails to object to his sentence, review is limited to plain error. *United States v. Herrera-Zuniga*, 571 F.3d 568, 589 (6th Cir. 2009); *see also* Fed. R. Crim. P. 52(b). Plain error requires that the defendant show (1) error, (2) that is clear or obvious, and (3) that affects his "substantial rights"; (4) if those elements are satisfied, this Court may exercise its discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## DISCUSSION

Defendant's Criminal History Category was raised based on the district court's application of the career-offender enhancement under U.S.S.G. § 4B1.1. At issue in this appeal is whether Defendant's 2002 Ohio conviction for felonious assault qualifies as a predicate "crime of violence." The Sentencing Guidelines define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Under this definition, a prior felony conviction can qualify as a "crime of violence" in one of three ways: (1) the conviction is one of the crimes specifically enumerated in

Application Note 1 to U.S.S.G. § 4B1.2[1]; (2) if not specifically enumerated, the crime has "as an element the use, attempted use, or threatened use of physical force" pursuant to U.S.S.G. § 4B1.2(a)(1); or (3) if the offense is not specifically enumerated or does not include physical force as an element, the crime involved conduct posing a "serious potential risk of physical injury to another" person pursuant to U.S.S.G. § 4B1.2(a)(2). *United States v. Rodriguez*, 664 F.3d 1032, 1036 (6th Cir. 2011).

In determining whether a prior offense qualifies as a "crime of violence," we use the categorical and modified categorical approaches from *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), and their progeny. *Meeks*, 664 F.3d at 1070. First, this Court applies a "categorical approach," under which it looks to the statutory definition of the prior offense and not to the particular facts underlying the defendant's conviction to see if that conduct fits into any of the "crime of violence" categories. *Id.* If, however, "it is possible to violate the statute in a way that would constitute a crime of violence and in a way that would not, the court may consider the indictment, guilty plea, or similar documents to determine whether they necessarily establish the nature of the prior conviction." *Id.* (internal quotation marks omitted). This second step is referred to as the "modified categorical approach." *United States v. Kearney*, 675 F.3d 571, 574 (6th Cir. 2012) (internal quotation marks omitted). Because the definition of a "crime of violence" under U.S.S.G. § 4B1.1 is nearly identical to the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), we treat a holding that a crime is

---

[1] Application Note 1 to U.S.S.G. § 4B1.2 enumerates the following crimes as crimes of violence: "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."

categorically a violent felony under the ACCA as controlling as to whether that same crime is a crime of violence under § 4B1.1. *See United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009).

Defendant was convicted of felonious assault under an Ohio statute that provides:

(A) No person shall knowingly do either of the following:
   (1) Cause serious physical harm to another or to another's unborn;
   (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

(B) No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly do any of the following:
   (1) Engage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct;
   (2) Engage in sexual conduct with a person whom the offender knows or has reasonable cause to believe lacks the mental capacity to appreciate the significance of the knowledge that the offender has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome;
   (3) Engage in sexual conduct with a person under eighteen years of age who is not the spouse of the offender.

Ohio Rev. Code. § 2903.11.

We have recently addressed this statute in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012). In that case, we held that "a conviction under Ohio Revised Code § 2903.11(A) qualifies as a violent felony" under the ACCA because it has the physical-force element defined in 18 U.S.C. § 924(e)(2)(B)(i). *Id.* at 402; *see also* U.S.S.G. § 4B1.2(a)(1) (defining a "crime of violence" as one that has the same physical-force element as § 924(e)(2)(B)(i)). In the course of concluding that a conviction under subsection (A) was a violent felony, the *Anderson* court did, however, state that Ohio Rev. Code § 2903.11(B) "does not readily qualify as a violent felony." *Anderson*, 695 F.3d at 402. Therefore, because we held in *Anderson* that subsection A is a violent felony and since a crime that is held to be violent felony under the ACCA is also a crime of violence under § 4B1.1,

*see Ford*, 560 F.3d at 421–22, if Defendant was convicted under subsection A, he was appropriately classified as a career offender under § 4B1.1.

Determination of this question requires us to look to so-called *Shepard* documents to determine whether those documents establish under which subsection Defendant was convicted. *Meeks*, 664 F.3d at 1070. The indictment[3] in this case conclusively shows that Defendant was convicted under subsection A. The indictment states, Defendant "unlawfully did knowingly cause serious physical harm to Richard Johnson." This language tracks the statutory language of Ohio Rev. Code § 2903.11(A)(1) in that the indictment charges what subsection (A)(1) proscribes—"knowingly caus[ing] serious physical harm." "Where the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged." *United States v. Robinson*, 333 F. App'x 33, 36 (6th Cir. 2009) (emphasis in original); *accord United States v. Ramon Silva*, 608 F.3d 663, 669 n.3 (10th Cir. 2010), *United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009). Therefore, we conclude that Defendant was convicted

---

[3] The government has made a motion for this Court to take judicial notice of certain documents from Defendant's 2002 felonious assault case. This motion is unopposed by Defendant with respect to the indictment from that case. Federal Rule of Evidence 201(b) allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"; this is true whether the request is made "in the trial court or on appeal." *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (quoting Fed. R. Evid. 201(f) advisory committee's note (1972)) (internal quotation marks omitted). We conclude that Defendant's 2002 indictment meets this standard and therefore GRANT in part the government's motion to take judicial notice.

under subsection A[4] and accordingly, was appropriately classified as a career offender under U.S.S.G. § 4B1.1.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** Defendant's sentence.

---

[4] Having concluded that the indictment conclusively establishes under *Shepard* that Defendant was convicted under Ohio Rev. Code § 2903.11(A), we now DENY AS MOOT in part the government's motion to take judicial notice with respect to the journal entries.