NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0489n.06

No. 17-3368

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Sep 23, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| KENNETH D. SMITH, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

_____/

Before: GUY, BUSH, and MURPHY, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge**. Kenneth Smith pleaded guilty and was sentenced as a career offender for being a felon in possession of a firearm and possessing with intent to distribute cocaine base. Smith appeals, challenging his career offender designation and arguing that his sentence was substantively unreasonable. Finding plain error in the determination that Smith's prior Ohio conviction for felonious assault qualifies as a "crime of violence" for purposes of the Guidelines, we VACATE Smith's sentences and REMAND for resentencing.

## I.

Smith was stopped by police for speeding on June 16, 2016, and the subsequent search of his car resulted in the seizure of firearms, drugs, and other evidence of drug trafficking. The evidence seized included: a loaded pistol found under the driver's seat and a second pistol from

the glove compartment; drugs, cash, and a scale from the center console; and sandwich bags, a second scale, and assorted ammunition from other locations inside the car. Smith admitted that the firearms and drugs were his, and an additional $1,470 in cash was retrieved from his person after his arrest. Smith had two prior felony convictions at the time: (1) a federal conviction for Conspiracy to Distribute Cocaine Base (for which he was still on supervised release); and (2) an Ohio conviction for Felonious Assault.

Smith pleaded guilty as charged to both counts of a superseding indictment. Count 1 charged him with being a felon in possession of the firearms and ammunition found in his car. *See* 18 U.S.C. § 922(g)(1). Count 2 charged him with possessing with intent to distribute 30.15 grams of cocaine base, for which he faced a mandatory minimum sentence of ten years on account of his prior felony drug conviction. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Pre-Sentence Report recommended that Smith be classified as a career offender because of his two prior felony convictions, and defense counsel preserved an objection based on the then-pending appeal in *Beckles v. United States*, 137 S. Ct. 886 (2017). But, when asked about that objection at sentencing, defense counsel acknowledged that it had been resolved by the Supreme Court's intervening decision in that case. Defendant did not otherwise object to the career offender designation—including on the grounds raised here.

Classification of Smith as a career offender resulted in an increase both to his adjusted offense level (from 28 to 37) and to his criminal history category (from V to VI). With a three-level reduction for acceptance of responsibility, Smith's total offense level of 34 and criminal history category of VI resulted in a recommended guidelines range of 262 to 327 months. The district court granted a small downward variance of one level—producing a guidelines range of 235 to 293 months—and then imposed a total sentence of 240 months in prison. More specifically,

Smith was sentenced to concurrent 120-month and 240-month terms of imprisonment, to be followed by concurrent 3-year and 8-year terms of supervised release. This appeal followed.

**II.**

This appeal begins (and ends) with Smith's career offender classification. A defendant is a career offender for purposes of the Guidelines if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction "is either a crime of violence or a controlled substance offense"; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a) (2016). Smith argues for the first time on appeal that one of his two prior felony convictions—his Ohio conviction for Felonious Assault—does not qualify as a "crime of violence" under the Guidelines.

Because he did not challenge whether he had at least two prior qualifying convictions, Smith's claim is reviewed for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Under this demanding standard, relief may be granted only if Smith demonstrates (1) error, (2) that is obvious or clear, (3) that impacted his substantial rights, and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).[1]

As is relevant here, a "crime of violence" is defined to mean any offense punishable by a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1) (2016). To determine whether a prior conviction qualifies under the elements clause, courts apply the categorical approach that looks only to the statutory elements of the defendant's prior offense and not to the particular facts

---

[1] The government initially argued that waiver precluded review of this claim in reliance on *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002). But Smith countered that defense counsel merely acknowledged that the objection raised in anticipation of *Beckles* had been resolved by the Supreme Court's decision. Notably, waiver may be forfeited, and here, the government has elected to withdraw its waiver argument. (Govt's Supp. Br., p. 2.)

of the underlying case. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

If the statute is indivisible, the conviction qualifies as a "crime of violence" if the statute requires as an element the use, attempted use, or threatened use of physical force against the person of another. *Descamps v. United States*, 570 U.S. 254, 260-61 (2013). But if the statute is divisible, we apply the modified categorical approach to review a limited class of records to determine which of the alternative offenses the defendant was convicted of committing. *Mathis*, 136 S. Ct. at 2249. If those documents do not make clear under which subsection of a divisible statute the defendant was convicted, we "must presume that the conviction rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010) (internal quotation marks and alterations omitted)).

Ohio's felonious assault statute—Ohio Revised Code § 2903.11—is divisible. At the relevant time, § 2903.11(A) made it a felony to either "(1) [c]ause serious physical harm to another or to another's unborn" or "(2) [c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." When Smith was sentenced, this court had held that conviction under subpart (A) qualified as a violent-felony predicate, although conviction under subpart (B) did not. During this appeal, however, we revisited subpart (A) and (finding it also is divisible) held that a conviction under § 2903.11(A)(1) cannot qualify as a "crime of violence" under the Guidelines, although a conviction under § 2903.11(A)(2) still would qualify because of the deadly-weapon element. *See United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc). In other words, Smith's prior conviction qualifies as a "crime of violence" if it was a conviction under § 2903.11(A)(2)—but not if it was a conviction under § 2903.11(A)(1).

The modified categorical approach dictates that we consult the limited class of so-called *Shepard* documents to determine, if we can, which crime Smith committed. *See Shepard v. United*

*States*, 544 U.S. 13, 26 (2005). Those documents include "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson*, 559 U.S. at 144. The government has asked this court to take judicial notice of three state court documents pertaining to Smith's felonious assault conviction. We may take judicial notice of facts that are not subject to reasonable dispute, and this court has taken judicial notice of *Shepard* documents under similar circumstances. *See Burris*, 912 F.3d at 396 n.5 & 407 n.22.

What do those documents tell us? The government argued that they are sufficient to show Smith was convicted under (A)(1)—but we now know that a conviction under (A)(1) would not qualify as "a crime of violence" under the Guidelines. In fact, Count 1 of the Indictment charged Smith with "FELONIOUS ASSAULT R.C. 2903.11 W/CT" for "knowingly caus[ing] serious physical harm to [redacted victim]." (R. 22, p. 11.) The other two documents are journal entries from the plea and sentencing hearings which both indicate that Smith pleaded guilty to "FELONIOUS ASSAULT 2903.11 – F2 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT." (R. 22, pp. 12 & 13.) Together, these documents show that Smith pleaded guilty to a second-degree felony under the (A)(1) subsection of § 2903.11. *See United States v. Hibbit*, 514 F. App'x 594, 598 (6th Cir. 2013) ("Where the charging document closely tracks the statutory language of the relevant subsection, the fact that the subsection is not *also* identified by its number does not create any reasonable doubt about which subsection has been charged." (citation omitted)).

Thus, in light of this court's decision in *Burris*, it is now obvious that it was error to classify Smith as a career offender based on the determination that his prior Ohio conviction was a "crime of violence" under § 4B1.2(a)(1). *See United States v. Ritchey*, 840 F.3d 310, 321 (6th Cir. 2016)

(recognizing that "this court looks to the law as it currently exists in evaluating plain error"); *see also Henderson v. United States*, 568 U.S. 266, 278-79 (2013). Further, that error affected Smith's substantial rights because the error resulted in a substantially higher guidelines range for the grouped offenses, a sentence at the statutory maximum for Count 1, and a sentence well above what the range would have been without the career offender enhancements for Count 2. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). Because the error in the calculation of the guidelines range was plain and affected Smith's substantial rights, we conclude that it also seriously affected the fairness, integrity, and public reputation of the judicial proceedings. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

\* \* \*

The government's motion to take judicial notice is **GRANTED**, Smith's sentences are **VACATED**, and the case is **REMANDED** for resentencing consistent with this opinion.