NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0261n.06

No. 08-5279

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
APR 28, 2010
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| EDWARD EVANS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: MOORE and WHITE, Circuit Judges, and OLIVER, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge**. Defendant Edward Evans challenges the 57-month

sentence imposed by the district court following his guilty-plea conviction of being a felon in

possession of a firearm, 18 U.S.C. § 922(g)(1). Defendant maintains his base offense level should

have been calculated as 20, based on a single prior felony conviction of a crime of violence, rather

than 24, based on two prior felony convictions of crimes of violence. Because the district court's

analysis does not comport with the modified categorical approach set forth in *Begay v. United States*,

553 U.S. 137 (2008), which was issued during the pendency of this appeal, we vacate the sentence

and remand to the district court for reconsideration whether the challenged prior conviction is of a

'crime of violence' in light of *Begay* and this court's recent cases.

---

[*]The Honorable Solomon Oliver, Jr., District Judge for the Northern District of Ohio, sitting
by designation.

No. 08-5279
*United States v. Evans*

**I**

Evans pleaded guilty of being a felon in possession of a firearm. His presentence report (PSR) calculated his total offense level at 21, based on a base level of 24 for two prior felony convictions of crimes of violence, U.S.S.G. § 2K2.1(a)(2), and a three-level reduction for acceptance of responsibility. With a criminal history category of IV, Evans's Guidelines range was 57 to 71 months.

Evans objected to the PSR's Guidelines calculation, arguing that his prior conviction of statutory rape (in Tennessee) does not qualify as a crime of violence under U.S.S.G. § 2K2.1.[1] The district court overruled Evans's objection, and sentenced him to 57 months of imprisonment and three years of supervised release.

**A**

We review *de novo* a district court's determination that an offense constitutes a "crime of violence" under the Guidelines. *United States v. Bartee*, 529 F.3d 357, 358 (6th Cir. 2008) (citing *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2005)). The term "crime of violence" in U.S.S.G. § 2K2.1 is defined by reference to U.S.S.G. § 4B1.2,[2] the career-offender provision, which provides in pertinent part:

---

[1]Evans's Guidelines range would be 37 to 46 months if calculated using a base offense level of 20, based on a single prior conviction of a violent felony. U.S.S.G. § 2K2.1(a)(4)(a).

[2]*See* U.S.S.G. § 2K2.1, cmt. n.1, which states: "'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."; *see also Bartee*, 529 F.3d at 359.

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Comment to U.S.S.G. § 4B1.2, n.1, states in pertinent part:

1. For purposes of this guideline--

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives . . . or, by its nature, presented a serious potential risk of physical injury to another.

In determining whether a prior conviction is of a violent felony under § 4B1.2, we apply the rules developed for engaging in the parallel inquiry under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *See United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995).

**B**

In *Begay*, 553 U.S. at 141-42, the Supreme Court held that New Mexico's crime of driving under the influence falls outside the scope of the ACCA's "violent felony" definition. Consistent with its prior decisions, the Court noted that whether a crime is a violent felony is determined by considering the offense generically, that is, "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* (citing

*Taylor v. United States*, 495 U.S. 575, 602 (1990)); *see also United States v. Mosley*, 575 F.3d 603, 606-07 (6th Cir. 2009). The court examined the statutory language and was convinced "that 'to give effect . . . to every clause and word' of this statute, we should read the examples as limiting the crimes that clause (ii) [of § 924(e)(2)(B)] covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Begay*, 553 U.S. at 143 (some quotation marks omitted).

In *United States v. Wynn*, 579 F.3d 567, 571-72 (2009), decided after *Begay*, this court discussed the "categorical" and "modified categorical" approaches to determining whether a conviction qualifies as a 'crime of violence':

> To determine whether a prior conviction constitutes a 'crime of violence,' we must apply the categorical approach expressed in *Taylor v. United States*, 495 U.S. 575 [] (1990), and expanded to convictions based on guilty pleas in *Shepard v. United States*, 544 U.S. 13 [] (2005). 'Under this categorical approach, the court must look only to *the fact of conviction* and the statutory definition – not the facts underlying the offense – to determine whether that definition supports a conclusion that the conviction was for a crime of violence.' *Bartee*, 529 F.3d at 359 (emphasis added) (citing *United States v. Armstead*, 467 F.3d 943, 947 (6ᵗʰ Cir. 2006)); *Begay*, 128 S. Ct. at 1584 ('[W]e consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.') There is, however, an exception to the categorical approach [called the "modified categorical approach"]: "'[W]hen the statutory definition [of the prior crime to which the defendant pleaded guilty] is ambiguous . . . the court may examine . . . 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *Bartee*, 529 F.3d at 359 (quoting *Shepard*, 544 U.S. at 26). [Certain internal citations omitted].

**C**

In the instant case, the district court correctly began its analysis by focusing on the generic definition of the offense. *Id.* In Tennessee, statutory rape was defined at the time of Evans's conviction as:

> (a) Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.
>
> . . .
>
> (c) Statutory rape is a Class E Felony.

Tenn. Code Ann. § 39-13-506.

Tennessee's offense of statutory rape does not have as an element "the use, attempted use, or threatened use of physical force against the person of another," which would render it a crime of violence under U.S.S.G. § 4B1.2(a). *See Begay*, 553 U.S. at 141. Nor is it one of the specifically enumerated offenses of § 4B1.2(a) – burglary of a dwelling, arson, or extortion, or an offense that involves explosives. Thus, as in *Begay*, our focus is on the "otherwise" or "residual" clause. *See Bartee*, 529 F.3d at 362.

**D**

Where the statutory definition of a prior-conviction offense includes both offenses that would constitute a crime of violence under § 4B1.2 and offenses that would not, we must utilize the modified categorical approach. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Wynn*, 579 F.3d

at 572-75.[3] Under a modified categorical analysis, the sentencing court was obliged to look to, along with the statutory definition of the offense,"'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *Bartee*, 529 F.3d at 359 (quoting *Shepard*, 544 U.S. at 26) to determine whether Evans's prior statutory rape conviction is of a crime of violence.

The district court had before it the transcript of guilty-plea proceedings pertaining to Evans's statutory-rape guilty plea, and the Affidavit of Complaint.[4] The plea transcript states:

---

[3]This circumstance is to be distinguished from circumstances in which the statutory definition of the offense clearly falls beyond the scope of § 4B1.2. Where the statutory definition does not include both offenses that are within the reach of § 4B1.2 and those that are beyond it, courts may not look to the documents noted in *Shepard* and conclude from those documents that the defendant's prior conviction was actually of a crime of violence, although the statutory definition of the offense does not satisfy § 4B1.2. *See Shepard*, *supra*.

[4]The Affidavit of Complaint states:

The Co Affiant Sgt Luellen was assigned this Statutory Rape filed under Memphis Police Department report . . . The Affiant's daughter . . . was spending the weekend of [January 15-17, 2005,] with her grandmother at 1545 Humber. The victim and her cousin . . . called the suspect (Edward Evans) and his friend Kyle a [sic] by phone to come over and see them at 1545 Humber. The victim . . . her cousin . . . and the suspect started to play the game truth or dare. The suspect Edward dared the victim to go to the rear of his SUV and she did. The suspect then dared the victim to take off her clothes and she did. The suspect took off his pants and put on a condom and had anal sex with the victim. The victim's cousin . . . witnessed the incident. The victim admitted that she allowed the suspect to have anal sex with her. The victim thought the suspect was cute and she was willing to do anything that he asked of her. The victim is thirteen years of age and the suspect is twenty three years of age.[]

MS. TAYLOR [*Assistant District Attorney General, Memphis Office*]: Your Honor, in the matter of Brian Hawkins and Edward Evans.

\* \* \*

The facts which give rise to this indictment are on January–somewhere between the dates of January 15th and January 17th of 2005, at 1545 Hubert (phonetically) the victim, . . . , was spending the weekend with her grandmother. The victim and her cousin . . . called the suspect Mr. Evans and his friends to come over and see them. The victim . . . , her cousin . . . and the suspect began to play the game truth or dare. The suspect Edward dared the victim to go to the rear of his SUV, which she did. The suspect then dared the victim to take off her clothes, which she did. The suspect then took off his pants and put on a condom and had sex with the victim. The victim at the time was 13 years old. The suspect is 23. That occurred in Shelby County, Tennessee.

We ask counsel to stipulate those would have been the facts had this matter gone to trial. Ask Your Honor to accept the negotiated settlement.

MR. HALE [*Assistant Public Defender*]: We stipulate, Your Honor, and ask the Court to accept.

THE COURT: The Court will accept.

Focusing on the "otherwise" clause, the district court sought to determine whether the prior-conviction offense "by its nature, presented a serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2., cmt. n.1. Defense counsel set forth various cases in which this and other courts have struggled to articulate the line between statutory rape that presents a serious potential risk of physical injury to another, and statutory rape that does not. Certain factors present in these cases repeatedly tipped the scales one way or the other – most often, the age of the victim, the age of the perpetrator, and whether the situation was inherently coercive.[5] The district court considered

---

[5]*See, e.g.*, *United States v. Sawyers* (*Sawyers II*), 223 F. App'x 475, 476-78 (6th Cir. 2007) (finding serious potential risk of physical injury where 21-year-old defendant engaged in activities that coerced 15-year-old girl to engage in multiple sexual acts); *United States v. Campbell*, 256 F.3d 381, 395-97 (6th Cir. 2001) (holding that a conviction of second-degree criminal sexual conduct

these factors from the pre-*Begay* cases, determined that in the instant case "the critical point is the immaturity, the youth of the victim and the considerable age gap, ten years difference[,] of the perpetrator," (J.A. 78) and concluded that the offense presented a serious risk of physical injury.

## II

Because the district court's analysis did not comply with the requirements of a modified categorical approach under *Begay*, and relied on pre-*Begay* cases that are no longer controlling, we must remand. *Begay* requires that the sentencing court determine whether the prior conviction is of a crime that is "roughly similar, in kind as well as in degree of risk posed, to the examples themselves [the offenses enumerated in U.S.S.G. § 4B1.2]." 553 U.S. at 143.

After *Begay*, the Court held in *Chambers v. United States*, 129 S. Ct. 687, 691-93 (2009), that Illinois' crime of failure to report for penal confinement does not satisfy the ACCA's "violent felony" definition because it does not have as an element the use, attempted use or threatened use of physical force against the person of another, does not consist of burglary, arson, or extortion, or involve the use of explosives and, "more critically for present purposes, it does not 'involve conduct

---

under Michigan law constituted a "crime of violence" based on sexual contact with a person between 13 and 16 years old and related by blood to the defendant); *United States v. Grundy*, 178 F. App'x 509, 513 (6th Cir. 2006) (unpublished disposition) (holding that first-degree sexual abuse based on sexual contact with a person less than 12 years old was a crime of violence under U.S.S.G. § 4B1.2(a)); and *United States v. Hargrove,* 416 F.3d 486, 495 (6th Cir. 2005) (holding that defendant's sexual battery conviction based on sexual conduct with his stepdaughters was not a crime of violence because the offense did not require either lack of consent or that the stepdaughters be minors, and the indictment also made no reference to the stepdaughters' ages or whether the conduct was coerced or consensual). These pre-*Begay* cases may provide a frame of reference for the degree of risk assessment in statutory rape crimes, but they did not apply the two-step *Begay* analysis, with its requisite similar-in-kind and similar-in-degree inquiry, and are no longer controlling.

that presents a serious potential risk of physical injury to another.'" *Id*. (citation and some quotation

marks omitted).[6] The *Begay* Court explained that in gauging whether a conviction is similar in kind

to the enumerated offenses, a court should examine whether the crime of conviction involved

"purposeful, violent and aggressive conduct." *Begay*, 553 U.S. at 145 (citations and quotation marks

omitted). This court in *Bartee*[7] applied *Begay* and concluded that "this court's determination that

---

[6]The *Chambers* Court noted:

> Conceptually speaking, the crime amounts to a form of inaction, a far cry
> from the "purposeful, 'violent,' and 'aggressive' conduct" potentially at issue when
> an offender uses explosives against property, commits arson, burgles a dwelling or
> residence, or engages in certain forms of extortion. *Cf. id.* [*Begay*]*,* 553 U.S., at —,
> 128 S. Ct. at 1586. While an offender who fails to report must of course be doing
> *something* at the relevant time, there is no reason to believe that the *something* poses
> a serious potential risk of physical injury. *Cf. James*, 550 U.S., at 203-204, 127 S.
> Ct. 1586. To the contrary, an individual who fails to report would seem unlikely, not
> likely, to call attention to his whereabouts by simultaneously engaging in additional
> violent and unlawful conduct.

*Chambers*, 129 S. Ct. at 692.

[7]Bartee had been charged with attempted Criminal Sexual Conduct in the second degree,
under the subsection of the Michigan statute prohibiting sexual contact under circumstances
involving the commission of another felony. The government acknowledged that neither the
statutory definition nor the amended information specified that the sexual contact was with a minor.
The district court apparently relied on the PSR, which is not a *Shepard*-eligible record, *see Bartee,*
529 F.3d at 361; *Wynn*, 579 F.3d at 575-76, in concluding that the victim was a minor. The PSR
stated that the prior conviction arose out of a consensual sexual relationship between Bartee (who
was 19 and 20 at pertinent times) and a 15-year-old girl. This court vacated and remanded, noting
(after discussing *Begay*):

> * * * we conclude that [U.S.S.G.] § 4B1.2(a)(2) also should be limited to crimes that
> are similar in both kind and degree of risk to the enumerated examples – burglary of
> a dwelling, arson, extortion, or crimes involving the use of explosives. While this
> interpretation narrows the scope of convictions that qualify as a "crime of violence"
> under § 4B1.2(a)(2), making it more difficult for the government to invoke the

at least some convictions involving sexual contact with minors present 'a serious potential risk of physical injury' is not sufficient to establish that the conviction comes within the scope of the 'otherwise' clause," and remanded for further proceedings.  529 F.3d at 362.

In sum, application of the "otherwise clause" requires that the prior crime be both similar to the enumerated offenses of § 4B1.2(a) in its risk of physical injury to others, and alike in the "purposeful, violent, and aggressive" nature of the conduct.  *Mosley*, 575 F.3d at 606 (citing *Begay* 553 U.S. at 144-46, 128 S. Ct. at 1586; *Chambers*, 129 S. Ct. at 691-92; and *United States v. Ford*, 560 F.3d 420, 421-22 (6th Cir. 2009)).  The offense of statutory rape under the Tennessee statute satisfies neither prong under a strict categorical approach based solely on the statutory definition of the offense.  Thus, the determination whether Evans's prior conviction is of a crime of violence requires application of the modified categorical approach.  However, the district court's analysis did not comply with the requirements of the modified categorical approach under *Begay,* and we must therefore vacate Evans's sentence and remand for reconsideration.

### III

We observe that in considering whether Evans's prior offense was a crime of violence, the sentencing court appears to have considered facts gleaned from the Affidavit of Complaint as well as the sentencing transcript.  Although Evans did not object, only the transcript is a proper *Shepard*

---

enhancement, it would be inappropriate for this court to speculate on the arguments that might be made in light of *Begay* if the government is able to establish, consistent with *Shepard*, that the conviction necessarily required proof of sexual contact with a minor that presents a "serious potential risk of physical injury to another."

*Bartee*, 529 F.3d at 363.

document. *Wynn* and *Bartee* make clear that an affidavit in support of a criminal complaint is not a *Shepard*-acceptable document:

> The *Bartee* panel noted that "the Court [in *Shepard*] specifically rejected the government's call to permit consideration of police reports and criminal complaint applications to support a finding that the guilty plea could only have been based on facts that would qualify the conviction as a 'violent felony.' " *Id.* at 359-60 (citing *Shepard*, 544 U.S. at 21, 125 S.Ct. 1254).
> . . . .
> [T]he *Bartee* panel compared the factual recitations in a PSR generally to the information contained in a police report or like materials, concluding that the PSR contained "the sort of information that one might expect to find in a police report or application for criminal complaint."

*Wynn,* 579 F.3d at 576 (quoting *Bartee,* 529 F.3d at 361.)]

A proper determination whether Evans's prior conviction is of a crime of violence requires application of *Begay*'s two-pronged inquiry – whether the crime is both similar in kind and in degree of risk to the enumerated crimes – to facts established by *Shepard*-acceptable documents. The Affidavit of Complaint is not such a document.

We VACATE Evans's sentence and REMAND for resentencing after reconsideration whether Evans's prior conviction qualifies as a crime of violence under *Begay* and our recent cases. On remand, the district court shall be mindful of *Shepard*'s strictures, and, as in *Wynn*, the government should be permitted to submit additional *Shepard*-acceptable evidence, if available. *See Wynn* 579 F.3d at 577; *United States v. Baker,* 559 F.3d 443, 455 & n.10 (6th Cir. 2009).