# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2013

No. 12-30852
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL K. WILLIAMS, also known as Spider Mike,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50127-2

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael K. Williams appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on amendments to the Sentencing Guidelines for crack cocaine offenses. Because his appeal is foreclosed by *United States v. Carter*, 595 F.3d 575 (5th Cir. 2010), we AFFIRM.

## BACKGROUND

In 2006, Williams pleaded guilty to conspiracy to possess with intent to deliver more than 50 grams or more of crack cocaine in violation of 21 U.S.C. §§

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

841(a)(1) and 846. Williams' guidelines sentencing range was 121 to 151 months of imprisonment, but he was subject to a mandatory minimum term of imprisonment of 240 months for his prior felony drug conviction. Prior to sentencing, the Government filed a § 3553(e) motion for a sentencing reduction for his substantial assistance to authorities. The district court granted the motion and sentenced Williams to 132 months of imprisonment.

In 2008, Williams filed a *pro se* motion for a reduction of sentence under § 3582(c)(2) based on amendments to the Sentencing Guidelines, which lowered the offense levels for most crack cocaine offenses. The district court denied the motion on the basis that the court had already reduced his sentence below the statutory minimum. On appeal, we affirmed the district court's judgment, noting that "when a defendant is subject to a statutory minimum sentence above the upper end of his guideline range, even if the district court departs downwardly from that minimum under a statutory exception, 18 U.S.C. § 3582(c)(2) provides no authority to the district court to later modify the sentence based on amendments to the guideline range." *United States v. Williams*, 373 F. App'x 488, 489 (5th Cir. 2010) (per curiam) (citing *United States v. Carter*, 595 F.3d 575, 581 (5th Cir. 2010)).

In 2010, after the passage of the Fair Sentencing Act ("FSA"), Williams again moved for a sentencing reduction under § 3553(e). The district court denied the motion, and Williams, through the Federal Public Defender, timely appealed.

## STANDARD OF REVIEW

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

## ANALYSIS

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence if he "has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If a defendant is eligible for a sentence modification under § 3582(c)(2), the district court weighs the applicable § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010).

Where, as here, a defendant is "subject to a statutory minimum sentence above the upper end of his guidelines range, even if the district court departs downwardly from that minimum under a statutory exception, 18 U.S.C. § 3582(c)(2) provides no authority to the district court to later modify the sentence based on amendments to the guideline range." *United States v. Carter*, 595 F.3d 575, 581 (5th Cir. 2010); *see also United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) (holding that a prisoner sentenced as a career offender similarly was ineligible for a sentence reduction under § 3582(c)(2)). Williams contends that *Carter* is irreconcilable with *Freeman v. United States*, 131 S. Ct. 2685, 2692–95 (2011), a case in which a plurality of the Supreme Court concluded that defendants who enter into plea agreements under Rule 11(c)(1)(C) that specify a particular sentence are eligible for relief under § 3582(c)(2). But, as we have explained previously, "*Freeman* did not address, even tangentially, either of the factual scenarios presented in *Carter* or *Anderson*"; and its reasoning does not apply to the situation presented here. *United States v. Barber*, No. 12-30141, 2013 WL 1197919, at \*2 (5th Cir. Mar. 25, 2013) (affirming district court's denial of defendant's motion for sentence reduction on that basis that his sentence was "based on" a statutory mandatory minimum and not on a sentencing range that subsequently has been lowered).

## CONCLUSION

*Carter* remains good law after *Freeman*, and, applied here, renders Williams ineligible for a sentence reduction under § 3582(c)(2). We AFFIRM.