NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0067n.06

No. 13-1669

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 27, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DARON CHRISTOPHER KING, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GUY, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM. Daron Christopher King appeals his sentence, challenging the district court's application of the career offender enhancement under U.S.S.G. § 4B1.1 in calculating his guidelines range. As set forth below, we affirm King's sentence.

After law enforcement arrested him in possession of 357 alprazolam pills and 261 hydrocodone pills, King pleaded guilty without a written plea agreement to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). King's presentence report set forth a base offense level of 8 based on the drug quantity involved. Based on his prior convictions for armed robbery and possession of heroin and cocaine with intent to deliver, however, King qualified as a career offender under U.S.S.G. § 4B1.1 with an adjusted offense level of 32.[1] A three-level reduction for acceptance of responsibility yielded a total offense level of 29. King's total criminal history score of 10 corresponded to a criminal history

_____

[1]King asserts that the career offender enhancement was based on his nearly twenty-year-old convictions for possession of a sawed-off shotgun and armed robbery. The predicate offenses were his 1994 armed robbery conviction and his 2008 drug convictions.

category of V, but his status as a career offender required a criminal history category of VI, resulting in a guidelines range of 151 to 188 months of imprisonment. At sentencing, the district court agreed with King that the guidelines range based on the career offender guideline was "not appropriate for sentencing" and was "clearly beyond the range of reasonableness." The court stopped further argument on this issue, stating: "So let's talk about other sentences, but the career offender just seems to be absolutely not realistic of the situation." The court applied the enhancement anyway. After considering the sentencing factors under 18 U.S.C. § 3553(a), including the nature and circumstances of the instant drug offense and King's extensive criminal history, the district court concluded that a downward variance was appropriate and sentenced King to 80 months of imprisonment.

On appeal, King does not dispute that his prior convictions make him a career offender under U.S.S.G. § 4B1.1 but argues that the district court committed procedural and substantive sentencing error in applying the career offender enhancement to calculate his guidelines range. We review the district court's sentencing determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Reilly*, 662 F.3d 754, 757 (6th Cir. 2011).

King asserts that the district court's application of the career offender enhancement does not promote § 3553(a)'s objectives and therefore results in an incorrect guidelines calculation. It is well established that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "In practice, this means that the court must begin at the proper base-offense level, apply any applicable enhancements or reductions to arrive at the adjusted-offense level, and use the resulting offense level with the appropriate criminal-history category to arrive at a sentencing

range." *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009) (quoting *United States v. Thompson*, 515 F.3d 556, 561 (6th Cir. 2008)). In performing "the largely mechanical calculation of the advisory Guidelines range," the district court had no authority to disregard the career offender guideline, contrary to King's contention. *United States v. Quinn*, 576 F.3d 292, 295 (6th Cir. 2009).

King asserts that the district court embraced the guidelines range as "presumptively reasonable." To the contrary, the district court expressly recognized the guidelines range as "clearly beyond the range of reasonableness." The district court correctly calculated the guidelines range and properly used that range as its starting point. Finding that range unreasonable, the district court concluded that a downward variance was appropriate based on the § 3553(a) factors. King has failed to demonstrate any procedural error.[2]

A defendant challenging a below-guidelines sentence as substantively unreasonable bears a heavy burden. *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013). King has not

---

[2]To the extent King argues that it was not appropriate for the district court to cut off King's counsel mid argument, the Federal Rules of Criminal Procedure require the sentencing court to "allow the parties' attorneys to comment on the probation officer's determinations [in the presentence report] and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). Also, procedural reasonableness demands the court's consideration of the parties' arguments with respect to the sentence. *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (citing *Rita v. United States*, 551 U.S. 338 (2007)). Even if we were to consider the court's interruption an impermissible limitation of argument as opposed to a permissible effort to move the discussion to more production topics, there is no possible error in the calculation of the sentence that would render it procedurally unreasonable. Before the district court interrupted King's counsel's argument, it appears that his counsel was attempting to refer to *United States v. Feemster*, 572 F.3d 455 (8th Cir. 2009). However, *Feemster* firmly supports our decision on similar facts. In that case, the Eighth Circuit upheld a district court's downward variance from the properly calculated career offender-enhanced sentence, where the district court based its variance in part on the youth of the defendant at the time of the previous offense. *Id.* at 465.

In short, the district court in the instant case was required to include the career offender enhancement in its guidelines calculation but conveyed to King's counsel the court's intention to vary downward. This did not constitute an undertaking to disregard the career offender enhancement in calculating the guidelines range from which to vary, and indeed such disregard would not have been proper.

satisfied that burden. Despite King's extensive criminal history, his repeated violations of probation and parole, and his violent conduct during his arrest for the instant drug offense, the district court granted a significant downward variance from the correctly calculated guidelines range of 151 to 188 months of imprisonment.

Accordingly, we affirm King's 80-month sentence as procedurally and substantively reasonable.