NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0834n.06

No. 15-1253

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 30, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

VINCENT KENT WILLIAMS,

     Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    MOORE, CLAY, and GILMAN, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Vincent Kent Williams appeals the final judgment of conviction and sentence of the district court sentencing Defendant to 140 months of imprisonment and 36 months of supervised release for distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and for aiding and abetting, in violation of 18 U.S.C. § 2. For the reasons that follow, we **AFFIRM** the judgment of the district court.

## BACKGROUND

Law enforcement officers planned to conduct a controlled purchase of cocaine base from Defendant Vincent Kent Williams' co-defendant Kwame Amin Mathews at a McDonald's in Essexville, Michigan on May 19, 2014. However, when they arrived to surveil Mathews' house, they watched Defendant leave Mathews' house, enter Mathews' car, and drive to the parking lot of the McDonald's. Defendant told the confidential informant ("CI"), who did not recognize him, that Mathews had sent him. The CI got into the vehicle and Defendant drove to the far

south of the parking lot, where Defendant exchanged 0.59 grams of cocaine base in a piece of plastic for $200 in pre-recorded buy money. Defendant then drove back to the original location, dropped off the CI, and returned to Mathews' residence.

On July 23, 2014, Defendant was indicted in the United States District Court for the Eastern District of Michigan on one count of distribution of, and aiding and abetting distribution of, cocaine base, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 2. The twenty-three count indictment named seven defendants, including Defendant Williams, and identified some twenty-one separate instances of distribution of cocaine base occurring between August 29, 2013 and May 19, 2014. Defendant was named only in Count 23, which pertained to the final drug buy. No conspiracy charge was pursued against Defendant Williams or any of his co-defendants. Defendant pled guilty without a written plea agreement.

The Presentence Investigation Report ("PSR") calculated a base offense level of 12 under the Sentencing Guidelines because Defendant had pled guilty to distribution of less than 2.8 grams of cocaine base. U.S.S.G § 2D1.1(c)(14). However, the PSR recommended that Defendant be adjudged a career offender on the basis of two prior convictions for possessing and selling marijuana, thereby raising his offense level to 32. U.S.S.G § 4B1.1(b)(3). Finally, it applied a two-level reduction for acceptance of responsibility, for a final offense level of 30. Defendant accrued ten criminal history points, but was given a criminal history category of VI in accordance with the finding that he was a career offender. U.S.S.G § 4B1.1(b). The PSR thus arrived at a Guidelines range of 168–210 months.

In his sentencing memorandum, Defendant requested a downward variance from the Guidelines, arguing that he should receive a reduction for minimal or minor participation, pursuant to U.S.S.G. § 3B1.2, because he was involved in only one of the nearly two dozen drug

buys carried out by his co-defendants, and that he should not be found to be a career offender based on his two prior marijuana charges, for which he had never actually served longer than 180 days in county jail.

At sentencing, Defendant objected to application of the Career Offender Guideline based on his prior marijuana offenses because it would result, unreasonably in his view, in a sentence some eight times the length of the sentence he would incur without application of the Guideline. After discussing Defendant's personal and educational history and attempts to find a job as an asbestos abatement contractor, the district court found that Defendant's criminal history category of VI substantially over-represented his criminal history, and applied a downward departure of one criminal history category pursuant to U.S.S.G. § 4A1.3(b). It then recalculated a Guidelines range of 151–188 months based on an offense level of 30 and a criminal history category of V before granting a further 11-month downward variance and imposing a sentence of 140 months' incarceration. Defendant timely appealed.

## DISCUSSION

### Standard of review

We review a criminal sentence for abuse of discretion. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 40 (2007)). In doing so, we review first the procedural reasonableness and then the substantive reasonableness of the sentence according to this deferential standard. *Bolds*, 511 F.3d at 578–81. We begin by "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation

from the Guidelines range." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* Substantive unreasonableness may occur when a district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). Unpreserved procedural reasonableness challenges are subject to plain error review. *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014). Sentences that "fall[] within the Guidelines range warrant[] a presumption of reasonableness." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). Challenging a below-Guidelines sentence imposes "a heavy burden" on a defendant attacking its substantive reasonableness on appeal. *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

## Analysis

The crux of Defendant's argument on appeal is that it is simply unfair for him to be facing nearly a dozen years in prison when he was involved in only one controlled buy—many fewer than his co-defendants—and when the prior convictions that led the district court to impose such a sentence were marijuana offenses for which he was sentenced to no more than 180 days in county jail.[1] He argues that the district court failed to consider the factors listed in 18 U.S.C. § 3553(a), particularly Defendant's history and characteristics, and requests a minimal or minor role reduction for his relative lack of involvement in the drug ring. However, he identifies no procedural error, and fails to establish that his sentence was substantively unreasonable.

---

[1] He also quotes in passing a report from the United States Sentencing Commission about the disproportionate effect of the Career Offender Guideline on African-American defendants, but does not explicitly press for leniency on that basis. Because we hold that the district court properly applied the Career Offender Guideline, we decline to discuss this issue.

**A. The Career Offender Guideline**

Pursuant to 18 U.S.C. § 3553(a)(4), district courts must consider the Guidelines range when sentencing defendants. Properly calculating the Guidelines range requires "apply[ing] any applicable enhancements or reductions to arrive at the adjusted-offense level, and us[ing] the resulting offense level with the appropriate criminal-history category to arrive at a sentencing range." *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009) (quoting *United States v. Thompson*, 515 F.3d 556, 561 (6th Cir. 2008)). Whether the district court correctly did so turns on whether it properly applied the career offender enhancement to Defendant. The Career Offender Guideline states, in relevant part:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
> (b) . . . [I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1. The table in U.S.S.G. § 4B1.1(b) prescribes an offense level of 32 where the offense statutory maximum is 20 years or more but less than 25 years, as here.

Defendant does not dispute that he was over eighteen when the instant offense of distribution of cocaine base occurred, that distribution of cocaine base is a controlled substance offense, or that his two prior marijuana convictions were felonies. Instead, he appears to argue, without citation to authority, that application of the Career Offender Guideline is discretionary. Defendant thus misunderstands the point at which district courts exercise discretion: they must apply the Career Offender Guideline when calculating the Guidelines range, and only after properly calculating that range may they exercise discretion to depart or vary upward or

downward. *See, e.g.*, U.S.S.G. § 1B1.1(c) (instructing district courts to "consider the applicable factors in 18 U.S.C. 3553(a)" after calculating the sentence according to the sequential steps set forth in § 1B1.1(a), including applying the Career Offender Guideline, which district courts consider pursuant to § 1B1.1(a)(6)).

This Court has held that district courts have "no authority to disregard the career offender guideline." *United States v. King*, 553 F. App'x 518, 520 (6th Cir. 2014). District courts do not err in designating defendants as career offenders when the § 4B1.1(a) criteria are satisfied. *United States v. Alexander*, 543 F.3d 819, 824–25 (6th Cir. 2008) (upholding career offender designation where criteria were satisfied although defendant described the predicate offenses as "minor"). This approach accords with the plain language of the Career Offender Guideline, which states, unequivocally, that a defendant is a career offender when the three criteria in § 4B1.1(a) are met.

Once a defendant is adjudged a career offender pursuant to § 4B1.1(a), his criminal history level category "in every case" is VI pursuant to subsection (b); where the statutory maximum sentence is 20–25 years, as 21 U.S.C. § 841(b)(1)(C) prescribes, the table gives an offense level of 32. The district court correctly applied a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) for a final offense level of 30. After the district court granted a downward departure of one criminal history category, it correctly calculated Defendant's Guidelines range at 151–188 months. *See* U.S.S.G. ch. 5, pt. A (sentencing table). Thus, no procedural error occurred.

**B. The district court's treatment of the § 3553(a) factors**

Defendant argues that the district court gave insufficient consideration to the "nature and circumstances of the offense" and to Defendant's "history and characteristics" as required by 18

U.S.C. § 3553(a)(1). 18 U.S.C. § 3553(a) requires district courts to consider numerous factors at sentencing, including the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to effect the policy goals of sentencing, including providing just punishment, deterring criminal conduct, and protecting the public from a defendant's further crimes; providing the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences available; and the Guidelines sentencing range. District courts commit procedural error when they fail to consider these factors. *See Gall*, 552 U.S. at 51. The district court spoke with Defendant at length on the record at sentencing about his prior marijuana convictions and potential to return to drug dealing, his educational and vocational history, his relationship with his daughter, his plan to cure an outstanding child support arrearage, and his plans to earn a GED and to become an asbestos abatement contractor. It then invoked § 3553(a) explicitly, to conclude that

> a modest variance is appropriate given the history of the offenses. They've been largely limited to trafficking or possession of marijuana, and also taking into consideration the efforts that the gentleman demonstrated to develop related work skills prior to his picking up this particular case.

(R. 146, Tr. of Sentencing Hr'g, Page ID 923.) Finally, the district court included completion of a GED and of a substance abuse treatment program in Defendant's sentence, conditions reflecting the district court's consideration of § 3553(a)(2)(D), which allows a district court to impose educational conditions, and § 3553(a)(3), which provides for alternate types of sentences. Contrary to Defendant's arguments, the district court's lengthy colloquy does not amount to a failure to consider the § 3553(a) factors, and the district court did not commit procedural error.

### C. Mitigating role reduction

As he argued in his sentencing memorandum but not in his objections to the PSR or at the sentencing hearing itself, Defendant also requests a mitigating role reduction pursuant to

U.S.S.G. § 3B1.2.[2]  Defendant considers his role to have been minimal in relation to "the totality of the charges in the Indictment," which alleged twenty-one drug buys over the course of a ten-month investigation.  (Def.'s Br. at 14–15.)

Under *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008) (*en banc*), plain error review applies only "to any arguments for leniency that the defendant does not present to the trial court."  *See also United States v. Blackie*, 548 F.3d 395, 398 (6th Cir. 2008) (applying reasonableness review to defendant's argument raised in a pre-sentencing motion).  Moreover, the government argued at sentencing that Defendant's "role in this current offense was not minimal as he conducted the entire transaction."  (R. 146, Tr. of Sentencing Hr'g, Page ID 921.)  Defendant's role in the offense was thus an issue that the district court had occasion to consider, and plain error review does not apply.  However, even under a reasonableness standard, Defendant's request for a minimal role reduction fails.

Defendant essentially argues that he is entitled to a minor or minimal role reduction because his co-defendants conducted more drug buys than he did.  This argument rests on a faulty premise that this Court has repeatedly rejected.  *See United States v. Roberts*, 223 F.3d 377, 380 (6th Cir. 2000) (collecting cases).  Courts do not tally up the number of charges against a particular defendant in relation to his co-defendants and award mitigating role reductions accordingly; rather, the "salient issue is the role the defendant played in relation to the activity for which the court held him or her accountable."  *United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998).  *See also United States v. Walton*, 908 F.2d 1289, 1303 (6th Cir. 1990) (declining to

---

[2] Section 3B1.2 allows offense level reductions as follows:
(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

apply mitigating role reduction where defendants were charged only for the "cocaine that they were actively involved in distributing").

Here, Defendant was held accountable for only one instance of distributing cocaine base. His sentence was based on the 0.59 grams of cocaine base involved in that single instance of distribution. His involvement in that transaction was neither minor nor minimal. Defendant transported the cocaine base to the McDonald's, drove the CI to a different part of the parking lot, exchanged the drugs for the buy money, drove the CI back to where he was picked up, and returned to co-defendant Mathews' residence. Thus, Defendant was not entitled to a minor or minimal role reduction.

### D. Substantive reasonableness

Because the district court committed no procedural error, the analysis proceeds to whether the district court imposed a sentence that was substantively unreasonable, which this Court reviews for abuse of discretion. *Gall*, 552 U.S. at 51. This Court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," giving "due deference" to the conclusion of the district court that the "sentence imposed is warranted by the § 3553(a) factors." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (citing *Gall*, 552 U.S. at 51). To be substantively reasonable, a sentence must be "adequate, but not 'greater than necessary' to accomplish the sentencing goals identified by Congress in 18 U.S.C. § 3553(a)." *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (citing *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009)). Sentences may be considered substantively unreasonable when "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *Cochrane*, 702 F.3d at 345 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th

Cir. 2008)).   Defendants seeking to challenge a below-Guidelines sentence as substantively unreasonable "bear a heavy burden" on appeal.  *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

Defendant has not met that burden.   At best, Defendant's substantive reasonableness argument can be characterized as an attempt to argue that the district court gave undue weight to the Guidelines range, which it had calculated in part by applying the Career Offender Guideline, and not enough weight to Defendant's personal history and circumstances.  The district court in fact gave such weight to Defendant's personal history and circumstances that it granted a downward departure of one criminal history category and a further downward variance of 11 months.  That a large disparity in sentencing lengths exists between the 140 months imposed and the 21–27 months Defendant advocates (based on an offense level of 12 and a criminal history category of V) does not alone amount to an abuse of discretion.  *See United States v. Skipper*, 552 F.3d 489, 493 (6th Cir. 2009) (finding no abuse of discretion where district court applied the Career Offender Guideline and then imposed below-Guidelines sentence and defendant, on appeal, argued that the resulting sentence was still too long).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.