NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0395n.06

No. 15-3997

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

HENRY N. WILLIAMS,

     Defendant-Appellant.

FILED
Jul 14, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

BEFORE:    BOGGS, CLAY, and GILMAN, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Henry N. Williams appeals the final judgment of conviction and sentence of the district court sentencing Defendant to 42 months of incarceration for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). For the reasons that follow, we **AFFIRM**.

## BACKGROUND

On February 25, 2015, Defendant was indicted in the United States District Court for the Northern District of Ohio on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C § 841(a)(1) and (b)(1)(C). The felon in possession count listed two prior Ohio felony convictions from the Summit County Common Pleas Court: a 2013 conviction for "Domestic Violence" and a 2008 conviction for "Trafficking in Cocaine."

Defendant pled guilty to both charges pursuant to a plea agreement on April 28, 2015. The presentence investigation report ("PSR") recommended that Defendant be adjudged a career offender (and thus given a base offense level of 32 and a criminal history category of VI) based on his convictions for cocaine trafficking and domestic violence, in part because these convictions were for felonies that were crimes of violence or controlled substance offenses. Defendant objected to the career offender classification, arguing that the domestic violence conviction was not for a "crime of violence" and that he therefore lacked the requisite two predicate offenses. Defendant repeated this argument in a sentencing memorandum.

A sentencing hearing took place on August 6, 2015. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court found the residual clause of the Armed Career Criminal Act unconstitutionally vague, Defendant disputed that the domestic violence conviction constituted a crime of violence because it could qualify only under the identically worded residual clause of the Career Offender Guideline. The probation officer disagreed, and defended his classification of the domestic violence conviction as a crime of violence. The parties and the district court proceeded to discuss the incident leading to his domestic violence conviction, which apparently involved an altercation in which Defendant's girlfriend was punched. Defendant disputed that he had struck his girlfriend, but acknowledged that he had pled guilty to the offense, which was his second conviction for domestic violence and therefore a fourth-degree felony rather than a misdemeanor.

The district court then found that "the defendant had one controlled substance, felony controlled substance conviction, and I find him to have a conviction that would otherwise qualify for the career offender with regard to this fourth degree felony conviction for domestic violence." (R. 41, Tr. of Sentencing Hr'g at Page ID 219.) Although the district court stated that

Defendant had "two convictions; one drug, one violent," it considered a departure and variance warranted because "the circumstances of this case seem significantly outside the heartland of what the Sentencing Commission envisioned when they came up with" the Career Offender Guideline. (*Id.* at Page ID 222, 225.) It opined that the prior cocaine conviction was "barely" a felony and that Defendant's domestic violence conviction "only qualified for a felony because of a prior conviction" and it was "not at all clear that he was involved with the assault." (*Id.* at 222.) Thus, rather than using the figures set by the Career Offender Guideline, the district court assigned an offense level of 24 and set Defendant's criminal history category at III. After the three-level reduction for acceptance of responsibility, his final offense level was 21, for a Guidelines range of 46-57 months. The district court then sentenced Defendant to 42 months' imprisonment.

## DISCUSSION

### Standard of Review

We review de novo whether a prior conviction is a crime of violence for purposes of the Career Offender Guideline, U.S.S.G. § 4B1.1. *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009). De novo review also applies to whether a prior conviction constitutes a crime of violence for purposes of firearms offenses whose sentencing is governed by U.S.S.G. § 2K2.1. *United States v. Evans*, 378 F. App'x 485, 486 (6th Cir. 2010). "Because the definition of a 'crime of violence' under U.S.S.G. § 4B1.1 is nearly identical to the definition of a 'violent felony' under the Armed Career Criminal Act ('ACCA') . . . we treat a holding that a crime is categorically a violent felony under the ACCA as controlling as to whether that same crime is a crime of violence under § 4B1.1." *United States v. Hibbit*, 514 F. App'x 594, 597 (6th Cir. 2013).

**Analysis**

Section 4B1.1 of the Guidelines sets forth the following requirements for a defendant to be adjudged a career offender:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B.1.1(a). There is no dispute that Defendant was over eighteen when he committed the instant offense, which is a controlled substance offense and a felony, or that his prior Ohio cocaine trafficking conviction was a controlled substance felony. The disagreement in this case centers on whether the prior domestic violence conviction qualifies as a crime of violence. U.S.S.G. § 4B.1.2(a) defines "crime of violence" as follows:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

An application note to U.S.S.G. § 2K2.1, which assigns base offense levels for various firearms offenses, including for being a felon in possession, refers to and adopts this definition of "crime of violence." *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004) (citing U.S.S.G. § 2K2.1 cmt. n.1). Thus, our analysis of whether the domestic violence conviction constitutes a predicate offense is the same for both provisions of the Guidelines. *See Evans*, 378 F. App'x at 486.

Sentencing courts employ a so-called "categorical" approach to determine whether a prior offense constitutes a crime of violence; in conducting that inquiry, they are to "focus[] on

the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013). The PSR states, and the parties agree, that Defendant pled guilty to Ohio Rev. Code 2919.25(A). That statute states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." *Id.* Ohio law defines "[p]hysical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Ohio Rev. Code § 2901.01(A)(3).

The parties dispute whether the domestic violence conviction falls under the first clause of § 4B1.2(a), the "use-of-force clause," or the last clause, the "residual clause." The Supreme Court recently invalidated the identically worded residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague in *Johnson*, 135 S. Ct. 2551. Subsequently, we held, based on *Johnson*, that the residual clause of the Career Offender Guideline was likewise unconstitutionally vague. *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. May 13, 2016). Defendant argues that neither the Ohio domestic violence statute itself nor the definition of physical harm involves the requisite degree of force for the conviction to fall within the use-of-force clause, and that it must therefore fall under the residual clause, precluding it from constituting a predicate offense. The government counters that we are bound by *United States v. Gatson*, 776 F.3d 405 (6th Cir. 2015), in which we held that the defendant's felony conviction under the same domestic violence statute, Ohio Rev. Code 2919.25(A), was a crime of violence falling under the use-of-force clause of ACCA:

> In addition to the listed offenses, § 924(e) covers any crime that "has as an element the use, attempted use, or threatened use of physical force against another[.]" § 924(e)(2)(B)(i). Physical force in this context means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

Gatson's domestic-violence convictions establish that he "knowingly caused, or attempted to cause, physical harm to a family or household member." Ohio Rev. Code § 2919.25(A). (Once again, the indictments tell us these convictions were for felonies instead of misdemeanors, because Gatson had two or more prior domestic-violence convictions.) Here, the key term is "physical harm," which Ohio defines as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Ohio Rev. Code § 2901.01(A)(3). Force that causes any of those things is (to some extent, by definition) force "capable of causing physical injury or pain to another person." *Johnson*, 559 U.S. at 140. That means Gatson's domestic-violence convictions are violent felonies within the meaning of § 924(e).

*Gatson*, 776 F.3d at 410–11. *Gatson*'s holding controls the disposition of this case because "we treat a holding that a crime is categorically a violent felony under the ACCA as controlling as to whether that same crime is a crime of violence under § 4B1.1." *Hibbit*, 514 F. App'x at 597; *see also United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). Thus, the district court correctly found Defendant's prior Ohio domestic violence conviction to be a crime of violence for purposes of the Career Offender Guideline.[1]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.

---

[1] We note that the district court's method of calculating the criminal history category and base offense level—and therefore the Guidelines range—was erroneous. The Career Offender Guideline "states, unequivocally, that a defendant is a career offender when the three criteria in § 4B1.1(a) are met." *United States v. Williams*, 635 F. App'x 280, 284 (6th Cir. 2015). Defendant was over eighteen when he committed the instant controlled substance offense, and had the two necessary predicate offenses. "Once a defendant is adjudged a career offender pursuant to § 4B1.1(a), his criminal history level category 'in every case' is VI pursuant to subsection (b); where the statutory maximum sentence is 20–25 years, as 21 U.S.C. § 841(b)(1)(C) prescribes, the table gives an offense level of 32." *Id.* However, we may not, sua sponte, order a remand for resentencing based on a substantially higher Guidelines range in the absence of a cross-appeal by the government. *See Greenlaw v. United States*, 554 U.S. 237, 247–48 (2008).